UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. TAYLOR, et al.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-01120-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN DEFENDANTS**<br><br>(Doc. 15)<br><br>Clerk of the Court to Assign District Judge |

　　　In her second amended complaint, Plaintiff Ryan Bigoski Odom alleges that the defendants subjected her to cruel and unusual punishment by denying her adequate medical care. (Doc. 15.)

**I.　　SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted)).

### III.  DISCUSSION

#### A. Plaintiff's Second Amended Complaint

Plaintiff names Doctors J. Taylor and A. Khoo, Nurse Practitioners Eznewugo and V. Antenello, Chief Medical Executive I. Singh and Chief Medical Officer Mitchell as defendants in this action. (Doc. 15 at 1, 4-6.)[1] Plaintiff seeks compensatory damages of $7,000,000, and injunctive relief "asking prison to provide proper pain medication for individuals who actually have documented chronic painful conditions" and for "the prison to provide proper bedding, again for individuals who actually have chronic painful conditions." (*Id*. at 10.)

#### B. Plaintiff's Factual Allegations

In her second amended complaint, Plaintiff contends she suffers from osteoarthritis and degenerative joint disease in her left hip, a one and one-half inch length discrepancy in her left hip, scoliosis of her spine, HIV induced neuropathy and carpel tunnel syndrome. (Doc. 15 at 5.) She has experienced severe and increasing pain throughout her body during her incarceration at the Central California Women's Facility (CCWF). (*Id*.)

Plaintiff alleges all named Defendants knew of her worsening joint and bone pain because she filed several grievances, imaging results were obtained, and assessments performed by the primary care physicians. (Doc. 15 at 5, 7.) Plaintiff notes Defendants Mitchell and Singh "have been aware and reviewed [her] medical issues on more than one occasion." (*Id*. at 7.) Plaintiff contends none of the named Defendants "did anything to delay the progress" of her disorder,

---

[1] It appears Plaintiff has voluntarily dismissed the California Department of Corrections and Rehabilitation (CDCR) and Unknown CDCR Contractor for Prosthetics as Defendants because neither is named in Plaintiff's operative complaint.

3

1  placing her at substantial risk of injury for a total hip replacement at a young age. (*Id*.) Plaintiff
2  received a total hip replacement after being sent to a physician for a cortisone injection in August
3  2019, only to be refused the procedure because the doctor reviewed her x-rays and advised
4  Plaintiff that she had no hip joint the doctor could "inject into." (*Id*. at 7-8.) Orthopedic
5  practitioners who reviewed the "same x-ray images that all 6 defendants have seen" were
6  surprised Plaintiff could even walk. (*Id*. at 8.) Plaintiff contends her pain was never controlled
7  and the progress of her disorder was never delayed, resulting in her need to have replacement
8  surgery at forty years old. (*Id*.) Plaintiff asserts her mobility and function "only worsened, never
9  did it improve." (*Id*.)

10  Plaintiff contends Defendants Taylor, Khoo, Antenello and Eznewugo were aware of
11  "each and every medication" Plaintiff has been prescribed because Plaintiff discussed it with
12  them verbally and referenced the medications in grievances and other medical forms. (Doc. 15 at
13  8.) However, they continued to prescribe the same medications, including two on her "allergy
14  list," putting Plaintiff at a substantial risk of serious harm. (*Id*. at 8-9.) Plaintiff contends
15  Ibuprofen and Naproxen "were definitely medically unacceptable" for her type of pain as she had
16  previously explained to these medical providers that she had been treated with Ibuprofen and
17  Naproxen for several years prior to her incarceration but neither helped any longer. (*Id*. at 9.)
18  Plaintiff asserts she suffered physical and mental harm because her pain was not controlled. (*Id*.)
19  Plaintiff contends she has suffered from severe depression for more than two years, and the
20  Ibuprofen and Naproxen have caused kidney function issues and "put [her] other organs at
21  substantial risk" because she is HIV positive. (*Id*.)

22  Plaintiff asserts Defendants Mitchell and Singh both have the authority to grant her the
23  use of a double mattress or egg crate. (Doc. 15 at 9.) She contends her disease was significant
24  enough in 2014 or 2015 to justify a double mattress, and that as her disease continues to progress,
25  denials of her requests for a double mattress or egg crate are medically unacceptable. (*Id.*)

26  In conclusion, Plaintiff contends her health issues are "discussed daily at the morning
27  medical meetings that all" named Defendants attend and all of her medical issues are known to
28  them. (Doc. 15 at 9.) Plaintiff asserts her hip replacement did not address her chronic pain

1  because she still suffers from osteoarthritis in other areas of her body, including her back, and has
2  HIV induced neuropathy and carpal tunnel. (*Id.*)

### C. Claims for Relief

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks & citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical need is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish a deliberate indifference claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks & citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks & citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a

5

1  substantial risk of serious harm and disregards that risk by failing to take reasonable measures to
2  abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to
3  respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."
4  *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was
5  substantial; however, such would provide additional support for the inmate's claim that the
6  defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.
7  2006) (citation omitted).

8  "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060
9  (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from
10 which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must
11 also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official]
12 should have been aware of the risk, but was not, then the [official] has not violated the Eighth
13 Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks & citation omitted).

14 Plaintiff's allegations satisfy the first, objective prong. Plaintiff suffers from several
15 medical conditions—osteoarthritis and degenerative joint disease in her left hip, a one and one-
16 half inch length discrepancy in her left hip, scoliosis of her spine, HIV induced neuropathy and
17 carpel tunnel—that significantly affect her daily activities. And as the Court has determined in a
18 prior screening order, it is clear Plaintiff's medical conditions caused her significant pain and
19 were worthy of treatment.

20 Liberally construing the second amended complaint, Plaintiff has plausibly alleged facts
21 to satisfy the second, subjective prong. Her allegations plausibly demonstrate a failure by all
22 named Defendants to respond to Plaintiff's serious medical needs concerning the progression of
23 her disease and pain control, and further, that Defendants Taylor, Khoo, Antenello and Eznewugo
24 were aware of Plaintiff's previous adverse and allergic reactions to Ibuprofen and Naproxen or
25 their generic counterparts, subjecting her to substantial risk of harm.

26 As concerns Defendants Mitchell and Singh and Plaintiff's requests for a double mattress
27 or egg crate, liberally construing the second amended complaint, Plaintiff has plausibly alleged
28 Mitchell and Singh chose to deny her a double mattress and/or egg crate despite having

knowledge of her serious medical conditions and the relief either a double mattress or egg crate would have afforded, amounting to a medically unacceptable choice made in conscious disregard of an excessive risk to Plaintiff's health due to their failure to take reasonable measures to abate that risk.

### IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court DIRECTS the Clerk of the Court to assign a district judge to this action.

Further, for the reasons set forth above, the Court **RECOMMENDS** that:

1. Defendants California Department of Corrections and Rehabilitation and Unknown CDCR Contractor for Prosthetics be DISMISSED from this action;[2] and,

2. This action PROCEED on Plaintiff's claims alleging a violation of her Eighth Amendment rights against Defendants Taylor, Khoo, Antenello, Eznewugo, Mitchell and Singh for deliberate indifference to serious medical needs; all other claims and defendants should be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] These individuals were previously named as defendants in the original complaint.