UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM,<br><br>            Plaintiff,<br><br>     v.<br><br>J. TAYLOR, et al.,<br><br>            Defendants. | Case No. 1:20-cv-01120-ADA-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>(Doc. 29) |

Plaintiff Ryan Bigoski Odom is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

**I.     INTRODUCTION**

Following screening of Plaintiff's second amended complaint, the undersigned recommended this action proceed on Plaintiff's claims alleging violations of her Eighth Amendment rights against Defendants Taylor, Khoo, Antenello, Eznewugo, Mitchell and Singh for deliberate indifference to serious medical needs. (Doc. 21.) Further, the undersigned recommended that Defendants California Department of Corrections and Rehabilitation (CDCR) and Unknown CDCR Contractor for Prosthetics, as well as Plaintiff's remaining claims, be dismissed from the action. (*Id.* at 8.) On March 20, 2023, District Judge Ana de Alba issued her Order Adopting Findings and Recommendations to Dismiss Certain Claims and Defendants.

(Doc. 22.) Specifically, the findings were adopted in full, CDCR and Unknown CDCR Contractor for Prosthetics were dismissed, and the action was to proceed only on Plaintiff's deliberate indifference to serious medical needs claims against Defendant Taylor, Khoo, Antenello, Eznewugo, Mitchell and Singh. (*Id.* at 2.)

On March 23, 2023, the Court issued its Order Finding Service of Second Amended Complaint Appropriate. (Doc. 23.) Following service and a subsequent request for an extension of time, the deadline for the filing of Defendants' responsive pleading is July 21, 2023. (*See* Doc. 28.)

On July 13, 2023, Plaintiff filed the instant Motion for the Appointment of Counsel. (Doc. 29.)

**II.     DISCUSSION**

Plaintiff's motion requests this Court appoint counsel for the following six reasons: (1) Plaintiff is unable to afford counsel; (2) the issues in the case are complex; (3) Plaintiff has limited access to the law library; (4) Plaintiff has no access to potential expert witnesses; (5) Plaintiff has limited knowledge of the law; and (6) Plaintiff "wrote to other attorneys asking for their assistance with this case to no avail." (Doc. 29.) Plaintiff's motion is supported by her declaration. (*Id*. at 3-4.)

**A. Legal Standards**

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

2

complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### B. Analysis

The Court must evaluate the likelihood of Plaintiff's success on the merits of her claims. *Rand*, 113 F.3d at 1525. While Plaintiff's second amended complaint was screened as required by 28 U.S.C. § 1915A(a) (*see* Doc. 15) and service of process of Defendants is ongoing, it is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Scally v. Velasquez*, No. 22-CV-140 JLS (MDD), 2022 WL 3325916, at *6 (S.D. Cal. Aug. 11, 2022) ("Because Defendants have yet to respond to the Amended Complaint, a determination regarding the likelihood of success on the merits or Scally's ability to prosecute this matter is premature"). A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening.

The Court must also evaluate Plaintiff's ability to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate her claims in light of her ability to follow the Court's previous screening orders (Docs. 6 & 11) in attempting to cure previously identified deficiencies in her original and first amended complaints in an effort to state cognizable claims.

To the extent Plaintiff claims the issues are complex, the Court does not agree. Plaintiff's claims against Defendants assert deliberate indifference to serious medical needs. Eighth Amendment deliberate indifference to serious medical needs claims are common in this Court. Plaintiff's assertion the case is complex "because it involves a decades worth of medical records, six (6) different [defendants] as well as the amount of money at issue" (Doc. 29 at 3) does not change the Court's opinion. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel").

As for Plaintiff's indigence, lack of education and legal expertise, those circumstances do not qualify as exceptional circumstances. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Further, concerning limited access to the law library, limited law library access is a circumstance common to most prisoners and is not an exceptional circumstance. *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Vasquez v. Moghaddam*, No. 2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D. Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law"). Notably too, there is no freestanding constitutional right to law library access for prisoners; law library access serves as one means of ensuring the constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." *Linquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).

To the extent Plaintiff declares this case "involves medical issues that will require expert testimony" (Doc. 299 at 3-4), this too is not an exceptional circumstance warranting the appointment of counsel. *Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment

4

related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases"). Furthermore, Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2. *See also Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

Next, while Plaintiff asserts this action "will require discovery of documents and depositions of a number of witnesses" and that the "testimony may be in conflict" (Doc. 29 at 4), these reasons do not warrant granting Plaintiff's motion. As noted above, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not change the analysis. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Finally, while the Court appreciates Plaintiff's efforts to secure counsel, her inability to find counsel is not "a proper factor for the Court to consider in determining whether to request

counsel." *Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

While the Court recognizes that Plaintiff is at a disadvantage due to her *pro se* status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The test is whether exceptional circumstances exist; here, they do not. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III.    CONCLUSION AND ORDER

For the reasons given above, Plaintiff's motion for the appointment of counsel (Doc. 29) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 19, 2023**

UNITED STATES MAGISTRATE JUDGE