1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    RYAN BIGOSKI ODOM,                    Case No. 1:20-cv-01120-KES-CDB (PC)

12                  Plaintiff,              **ORDER DISCHARGING ORDER TO
                                            SHOW CAUSE**
13          v.
                                            (Doc. 43)
14    J. TAYLOR, et al.,
                                            **ORDER DENYING REQUEST TO
15                  Defendants.             REOPEN DISCOVERY**

16                                          **ORDER GRANTING EXTENSION OF
                                            TIME WITHIN WHICH TO FILE
17                                          OPPOSITION TO MOTION FOR
                                            SUMMARY JUDGMENT**
18
                                            (Doc. 44)
19

20          Plaintiff Ryan Bigoski Odom is a state prisoner proceeding pro se and *in forma pauperis*

21  in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment deliberate

22  indifference to serious medical needs claims against Defendants Taylor, Khoo, Attinello,

23  Ezenwugo, Mitchell and Singh.

24          **I.      BACKGROUND**

25          On August 28, 2024, Defendants filed a motion for summary judgment concerning the

26  merits of Plaintiff's claims. (Doc. 42.) The motion included a *Rand*[1] warning (Doc. 42-3),

27  addressing the requirements concerning an opposition to a motion for summary judgment.

28  _____
[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

On October 3, 2024, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to the summary judgment motion. (Doc. 43.) Plaintiff was directed to show cause in writing with 14 days why sanctions should not be imposed for failing to respond to Defendants' summary judgment motion, or, alternatively, to file an opposition or statement of non-opposition to Defendants' motion for summary judgment. (*Id.* at 2-3.)

On October 11, 2024, Plaintiff filed a document titled "Decleration," docketed as an opposition to the motion for summary judgment. (Doc. 44.)

Defendants filed the Declaration of Eric Miersma in Response to Plaintiff's Declaration re Defendants' Motion for Summary Judgment (Doc. 45) on October 24, 2024.

## II.     DISCUSSION

### *Plaintiff's Response to the OSC*

In her response to the OSC, Plaintiff "requests the court to deny defendants motion for summary judgment. If the court will not deny defendants motion for summary judgment, I request the court to stay the motion as I have not had the opportunity to complete discovery." (Doc. 44 at 1.) Plaintiff states "[s]ome facts are in possession of the defendants, other information I have not received a response back." (*Id.*) Plaintiff states she expects to obtain disciplinary records concerning each Defendant, "as well as pertinent medical information to my specific medical conditions and problems. I expect to obtain this information from defendants, prior Doctors of mine and medical books." (*Id.*) Plaintiff states she was unable to complete discovery or to respond to the summary judgment motion because her daughter murdered her mother on October 27, 2023, taking a significant toll on her mental health and well-being. (*Id.* at 1-2.) As the eldest child, Plaintiff "was delegating everything that had to be done via telephone and text message." (*Id.* at 2.) Plaintiff asserts her younger brother then passed away on June 12, 2024, requiring her to have her son "do everything that needed to be done" concerning her brother's passing. (*Id.*) She contends she is "still attempting to deal with things from both of their deaths." (*Id.*) Plaintiff concludes she will provide "proof of any of the above" upon request by the Court. (*Id.*)

1

*Defendants' Reply to Plaintiff's Response to the OSC*

2      Defense counsel declares that Plaintiff's declaration does not oppose Defendants' motion

3   for summary judgment and that it is unclear whether Plaintiff seeks more time within which to

4   oppose the motion or if she seeks to reopen discovery. (Doc. 45, ¶ 3.) Counsel declares

5   Defendants take no position on an extension of time concerning an opposition to the summary

6   judgment motion. (*Id*., ¶ 4.) However, to the extent Plaintiff's declaration can be understood to

7   seek to reopen discovery, Defendants oppose the request. (*Id*., ¶ 5.) Defense counsel declares

8   Plaintiff did not exercise due diligence in conducting discovery or in seeking leave to reopen

9   discovery. (*Id*.) Counsel states Plaintiff has not established good cause to reopen discovery five

10  months after it closed. (*Id*.) Counsel contends a court's primary focus is whether a party was

11  diligent, and that a lack of diligence weighs heavily against reopening discovery. (*Id*., ¶¶ 6-7.) He

12  further states Plaintiff has failed to demonstrate her discovery could not have been anticipated

13  before discovery closed, nor does Plaintiff "provide any basis that any new discovery will lead to

14  admissible evidence." (*Id*., ¶ 8.) Counsel asks this Court to deny any request to reopen discovery.

15  (*Id*., ¶ 9.)

16

*Relevant Procedural History re Discovery*

17     The Court issued its Discovery and Scheduling Order on September 6, 2023, more than

18  one year ago. (Doc. 36.) It included a discovery deadline of May 6, 2024, and a dispositive

19  motion filing deadline of July 15, 2024. (*Id*.)

20     On July 1, 2024, the Court issued its Order Granting Defendants' Motion for an Extension

21  of Time of the Dispositive Motion Filing Deadline, extending the deadline for filing a dispositive

22  motion from July 15, 2024, to August 29, 2024. (Doc. 41.)

23

*Analysis*

24     Discovery closed in this case on May 6, 2024. The only deadline extended following

25  issuance of the September 6, 2023, Discovery and Scheduling Order pertained to the filing of a

26  dispositive motion. The Court construes Plaintiff's October 11, 2024, filing to be a request to

27  reopen discovery and will direct the Clerk of the Court to modify the relevant docket entry.

28

1    The Court will modify dates set forth in a scheduling order only upon a showing of good

2    cause by the moving party. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc*., 975

3    F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen

4    discovery. *See, e.g*., *Sheridan v. Reinke*, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying

5    *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06-

6    CV-001196 JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show

7    "good cause" to reopen discovery).

8    The primary factor courts consider in making a good cause determination is whether the

9    moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975

10   F.2d at 609. If that party was not diligent, the inquiry should end, and the request should be

11   denied. *Id*.

12   Courts consider the following factors when ruling on a motion to reopen discovery: (1)

13   whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party

14   would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the

15   guidelines established by the court, (5) the foreseeability of the need for additional discovery in

16   light of the time allowed for discovery, and (6) the likelihood that the discovery will lead to

17   relevant evidence. *City of Pomona v. SQM North American Corp*., 866 F.3d 1060, 1066 (9th Cir.

18   2017); *Coleman v. Spearman*, No. 2:19-cv-00369 AC, 2024 WL 3758805, at *2 (E.D. Cal. Aug.

19   12, 2024) (same).

20   Here, the Court finds Plaintiff was not diligent. First, Plaintiff states she has been unable

21   to complete discovery, in part, due to the death of her mother on October 27, 2023, nearly one

22   year ago. Even presuming Plaintiff's discovery requests were delayed or sent after the discovery

23   deadline had passed—and Plaintiff fails to provide any dates relevant to the discovery she states

24   she is seeking—Plaintiff has failed to act diligently. Plaintiff could have sought an extension of

25   the discovery deadline upon learning of her mother's passing. The scheduling order expressly

26   provides that "**[a] request for an extension of a deadline set in this order must be filed on or**

27   **before the expiration of the deadline in question and will only be granted on a showing of**

28   **good cause.**" (Doc. 36 at 3, emphasis in original.) And shortly after Plaintiff initiated this action

4

in August 2000, the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case expressly warned that "all Court deadlines are strictly enforced. Requests for time extensions must be filed before the deadline expires and must state good request for the request. Local Rule 144." (*See* Doc. 3 at 5.) Second, while the Court sympathizes with Plaintiff on her brother's June 2024 passing, by that date, discovery in this action had already closed on May 6, 2024.

Concerning the *Pomona* factors, first, trial is not imminent here because a trial has not been scheduled. Thus, the first factor weighs in favor of reopening discovery. Next, Defendants oppose Plaintiff's request to reopen discovery but do not assert they would be prejudiced. Therefore, the second factor weighs against reopening discovery whereas the third factor is neutral or favorable. Further, as addressed above, Plaintiff was not diligent in obtaining discovery within this Court's scheduling order; this factor weighs against reopening discovery. As to the fifth and sixth factors, the Court agrees with Defendants that Plaintiff has made no showing that she could not have anticipated the need for additional discovery considering the relevant deadlines, or that such discovery would lead to admissible evidence. Thus, the fifth and six factors weigh against reopening discovery. In sum, the relevant factors weigh against reopening discovery.

Because the primary consideration—whether Plaintiff was diligent in her attempts to complete discovery in a timely manner—is afforded the greatest weight and because the Court finds Plaintiff did not act diligently, coupled with its finding that the *Pomona* factors weigh against reopening discovery in this action, Plaintiff's request will be denied. *Johnson*, 975 F.2d at 609; *Pomona*, 866 F.3d at 1066. *See, e.g., Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence" under Local Rule 144).

### Plaintiff Will Be Afforded Another Opportunity to Oppose the MSJ

Despite the foregoing, the Court will grant Plaintiff another opportunity to file an opposition to Defendants' motion for summary judgment. Plaintiff will be directed to file any

opposition to the pending summary judgment motion within 30 days. In the event Plaintiff believes more time is required to file an opposition, she must file a request for an extension of time before the 30-day deadline has passed and must demonstrate good cause.

### III.   CONCLUSION AND ORDER

Accordingly, and based upon the foregoing, the Court **ORDERS**:

1. The OSC issued October 3, 2024 (Doc. 43) is **DISCHARGED**;

2. The Clerk of the Court is **DIRECTED** to modify Docket Entry number 44 to reflect Plaintiff's filing to be a response to the OSC (rather than as an opposition to the motion for summary judgment);

3. Plaintiff's request to reopen discovery (Doc. 44) is **DENIED**; and

4. Plaintiff **SHALL** file any opposition to Defendants' motion for summary judgment **within 30 days** of the date of service of this order.

**A failure to obey this Order may result in a recommendation that this action be dismissed, without prejudice, for failure to obey court orders and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:   **October 28, 2024**                     _____

UNITED STATES MAGISTRATE JUDGE