1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RYAN BIGOSKI ODOM,                      | Case No. 1:20-cv-01120-KES-CDB (PC)

12                 Plaintiff,                 | **ORDER REGARDING PLAINTIFF'S**
                                              | **MOTION FOR 60-DAY EXTENSION OF**
13        v.                                  | **TIME WITHIN WHICH TO OPPOSE**
                                              | **DEFENDANTS' MOTION FOR SUMMARY**
14   J. TAYLOR, et al.,                       | **JUDGMENT**

15                 Defendants.                | (Doc. 48)

16                                            | **ORDER HOLDING FINDINGS AND**
                                              | **RECOMMENDATIONS IN ABEYANCE**
17

18        Plaintiff Ryan Bigoski Odom is a state prisoner proceeding pro se and *in forma pauperis*

19   in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment deliberate

20   indifference to serious medical needs claims against Defendants Taylor, Khoo, Attinello,

21   Ezenwugo, Mitchell and Singh.

22        **I.      PROCEDURAL BACKGROUND**

23        On August 28, 2024, Defendants filed a motion for summary judgment concerning the

24   merits of Plaintiff's claims. (Doc. 42.) The motion included a *Rand*[1] warning (Doc. 42-3),

25   addressing the requirements concerning an opposition to a motion for summary judgment.

26        On October 3, 2024, the Court issued its Order to Show Cause (OSC) Why Sanctions

27   Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-

28   _____
     [1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    Opposition to the summary judgment motion. (Doc. 43.) Plaintiff was directed to show cause in

2    writing within 14 days why sanctions should not be imposed for her failure to respond to

3    Defendants' summary judgment motion, or, alternatively, to file an opposition or statement of

4    non-opposition to Defendants' motion for summary judgment. (*Id.* at 2-3.)

5            On October 11, 2024, Plaintiff filed a document titled "Decleration," originally docketed

6    as an opposition to the motion for summary judgment. (Doc. 44.) On October 24, 2024,

7    Defendants filed the Declaration of Eric Miersma in Response to Plaintiff's Declaration re

8    Defendants' Motion for Summary Judgment. (Doc. 45.)

9            On October 28, 2024, the Court issued its Order Discharging Order to Show Cause; Order

10   Denying Request to Reopen Discovery; and Order Granting Extension of Time Within Which to

11   File Opposition to Motion for Summary Judgment. (Doc. 46.) Relevant here, Plaintiff was

12   directed to "file any opposition to Defendants' motion for summary judgment **within 30 days** of

13   the date of service of this order." (*Id*. at 6, emphasis in original.)

14           When more than 30 days passed without an opposition being filed, on December 4, 2024,

15   the undersigned issued Findings and Recommendations to Grant Defendants' Motion for

16   Summary Judgment. (Doc. 47.) Objections were to be filed within 14 days of the date of the

17   findings. (*Id*. at 22.)

18           On December 5, 2024, Plaintiff filed a "Motion for 60 (Sixty) Day Extension of Time to

19   Respond to Defendants Motion for Summary Judgment." (Doc. 48.)

20   **II.     DISCUSSION**

21           In her single-page motion, Plaintiff states she requires a 60-day extension of time "due to

22   several lockdowns, alarms, and just not being able to go to the law library at all to gather

23   information needed to completely and properly respond" to Defendants' pending motion. (Doc.

24   48.) Plaintiff's motion is dated and signed December 3, 2024. (*Id*.) It is not accompanied by a

25   Proof of Service.[2]

26   --------

27   [2] This Court's Local Rules require any filing submitted to be accompanied by a Proof of Service. *See* Local Rule 135(c); *see also* Doc. 3 at 4 ("…for purposes of the 'Mailbox Rule,' … on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed. A sample Proof of Service form is attached to this Order").

28

1    As noted above, on October 28, 2024, Plaintiff was directed to "file any opposition to

2  Defendants' motion for summary judgment **within 30 days** of the date of service of this order."

3  (Doc. 46 at 6, emphasis in original.) She did not do so.

4    Plaintiff's opposition filing deadline was November 27, 2024; [3] her instant motion for an

5  extension of time is signed and dated December 3, 2024, making her motion untimely by six

6  days. Plaintiff fails to explain her tardy request and the reasons offered in support of the motion

7  do not excuse the untimeliness of her request. Nevertheless, the Court will hold the Findings and

8  Recommendations in abeyance and grant Plaintiff's request for an extension of time. Plaintiff is

9  cautioned that no further extensions of time will be entertained absent an extraordinary showing

10  of good cause. Further, the Court will not entertain any further untimely requests.

11    **III.    CONCLUSION AND ORDER**

12    Accordingly, for the reasons given above, the Court **ORDERS** as follows:

13    1.  The Findings and Recommendations issued December 4, 2024 (Doc. 47) are **HELD**

14        **IN ABEYANCE** until further order of the Court;

15    2.  Plaintiff's motion for a 60-day extension of time (Doc. 48) is **GRANTED**; and

16    3.  Plaintiff **SHALL** file any opposition to Defendants' motion for summary judgment **no**

17        **later than February 14, 2025**.

18  IT IS SO ORDERED.

19    Dated:    **December 16, 2024**

20                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28
___

[3] 10/28/24 +30 days = 11/27/24.

3