UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. TAYLOR, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01120-KES-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF EXTENSION OF TIME WITHIN WHICH TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 54) |

Plaintiff Ryan Bigoski Odom is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Taylor, Khoo, Attinello, Ezenwugo, Mitchell and Singh.

**I.    PROCEDURAL BACKGROUND**

On August 28, 2024, Defendants filed a motion for summary judgment concerning the merits of Plaintiff's claims. (Doc. 42.) The motion included a *Rand*[1] warning (Doc. 42-3), addressing the requirements concerning an opposition to a motion for summary judgment.

On October 3, 2024, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to the summary judgment motion. (Doc. 43.) Plaintiff was directed to show cause in

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    writing within 14 days why sanctions should not be imposed for her failure to respond to
2    Defendants' summary judgment motion, or, alternatively, to file an opposition or statement of
3    non-opposition to Defendants' motion for summary judgment. (*Id.* at 2-3.)
4         On October 11, 2024, Plaintiff filed a document titled "Decleration," originally docketed
5    as an opposition to the motion for summary judgment. (Doc. 44.) On October 24, 2024,
6    Defendants filed the Declaration of Eric Miersma in Response to Plaintiff's Declaration re
7    Defendants' Motion for Summary Judgment. (Doc. 45.)
8         On October 28, 2024, the Court issued its Order Discharging Order to Show Cause; Order
9    Denying Request to Reopen Discovery; and Order Granting Extension of Time Within Which to
10   File Opposition to Motion for Summary Judgment. (Doc. 46.) Plaintiff was directed to "file any
11   opposition to Defendants' motion for summary judgment **within 30 days** of the date of service of
12   this order." (*Id*. at 6, emphasis in original.)
13        On December 4, 2024, when more than 30 days passed without an opposition being filed,
14   the undersigned issued Findings and Recommendations to Grant Defendants' Motion for
15   Summary Judgment. (Doc. 47.) Objections were to be filed within 14 days of the date of the
16   findings. (*Id*. at 22.)
17        On December 5, 2024, Plaintiff filed a "Motion for 60 (Sixty) Day Extension of Time to
18   Respond to Defendants Motion for Summary Judgment." (Doc. 48.)
19        On December 16, 2024, the Court issued its Order Regarding Plaintiff's Motion for 60-
20   Day Extension of Time Within Which to Oppose Defendants' Motion for Summary Judgment.
21   (Doc. 49.) The Court ordered the Findings and Recommendations be held in abeyance and
22   Plaintiff was directed to file any opposition no later than February 14, 2025. (*Id*. at 3.)
23        On February 19, 2025, Plaintiff filed a motion seeking an additional 30 days within which
24   to oppose Defendants' summary judgment motion. (Doc. 50.) The Court granted the extension the
25   following day. (Doc. 51.)
26        Thereafter, on March 21, 2025, Plaintiff sought another 60-day extension of time due to
27   the recent death of her son. (Doc. 52.) On March 24, 2025, the Court granted the motion, directed
28   Plaintiff to file any opposition no later than May 16, 2025, and advised Plaintiff that no further

extension of time would be entertained absent extraordinary circumstances. (Doc. 53.)

On May 23, 2025, Plaintiff filed a request for a 20-day extension of time. (Doc. 54.)

## II.    DISCUSSION

Plaintiff seeks a 20-day extension of time, stating that her "last request is due to [her] back being out twice," resulting in an inability to "ambulate and make it to the law library." (Doc. 54 at 1.) Additionally, Plaintiff asserts "the yard and prison" were on lockdown "several times within the last 60 plus days," further restricting her access to the law library. She states her "opposition is almost complete" and indicates she "should have it mailed before the 20 day extension" if the Court grants her request. (*Id.*)

The Court will grant a further extension of time. No further extensions will be entertained absent extraordinary circumstances given that Defendants' summary judgment motion has been pending for 272 days and Plaintiff has had ample opportunity to prepare an opposition given the extensions of time previously granted, particularly where Plaintiff states her opposition is "almost complete" as of May 16, 2025. As before, Plaintiff is advised that if she does not submit an opposition by the deadline below, the Findings and Recommendations issued December 4, 2024, recommending Defendants' summary judgment motion be granted, will be deemed submitted for determination by the presiding District Judge.

## III.    CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **ORDERS** as follows:

1. Plaintiff's motion for a 20-day extension of time (Doc. 54) is **GRANTED**;
2. Plaintiff **SHALL** file any opposition to Defendants' motion for summary judgment **no later than Friday, June 13, 2025**; and
3. No further requests by Plaintiff for an extension of time to respond to Defendants' motion for summary judgment will be entertained absent extraordinary circumstances.

IT IS SO ORDERED.

Dated:    **May 27, 2025**                             _____
                                                                    UNITED STATES MAGISTRATE JUDGE